David Abrams, Attorney at Law
Admitted PHV
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 dnabrams@gmail.com

TO BE FILED UNDER SEAL

___ FILED    ___ LODGED
___ RECEIVED ___ COPY

FEB 1 0 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

United States District Court
District of Arizona

United States of America ex rel.
GNGH2 Inc.,
Relator's Address:
305 Broadway Suite 601
New York, NY 10007

          Plaintiff-Relator,

          - against -

HEMISPHERE GNSS (USA) Inc.
Defendant's Address:
8515 E Anderson Drive
Scottsdale, AZ 85255

          Defendant.

SEALED

Index No.: CV22-00224-PHX-MTL

**Complaint**

      Plaintiff-Relator, complaining of the Defendants by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

I.    **Nature of the Case**

1.    This is a false claims act claim. The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendant fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility. As set forth in more detail below, second-round PPP funding is barred to entities which are owned or directed by companies out of the Peoples' Republic of China, also known as Mainland China.

**[continued on next page]**

**II.     Parties**

2.     Defendant HEMISPHERE GNSS (USA) Inc. ("Defendant") is a Delaware business corporation with its principle place of business in Scottsdale, Arizona.

3.     The Relator, GNGH2 Inc. ("Relator" or "Plaintiff") is a New Jersey corporation with a principle office in the State of New Jersey, County of Bergen.

**III     Compliance with Requirements of Suit**

4.     This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, any Sealing Order, and Relator's disclosure of evidence will be served on the Department of Justice and the United States Attorney for the District in which this matter has been filed.

5.     Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed. Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

**IV.     Jurisdiction and Venue**

6.     This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any Defendant resides or transacts business. In this case, the Defendant maintains its head office in Scottsdale, Arizona.

**V.     Background**

7.     Throughout most of 2020 and continuing into 2021, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

8.     In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

9. All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

10. The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

11. The CARES Act was subsequently amended to provide for a second round of disaster funding. Significantly, an applicant is ineligible for such funding if is directed or owned out of the Peoples' Republic of China.

12. The Defendant in this matter is a technology firm. It received first and second round disaster relief as follows:

| Date | Loan Number | Amount | Forgiven |
| --- | --- | --- | --- |
| 4/28/2020 | 8519147200 | $1,671,500 | 12/16/2020 |
| 2/13/2021 | 8264428401 | $1,570,200 | 11/1/2021 |

13. Thus, on or about February 13, 2021, Defendant completed Form 2483-SD which required it to certify as follows:

> The Applicant is not a business concern or entity (a) for which an entity created in or organized under the laws of the People's Republic of China or the Special Administrative Region of Hong Kong, or that has significant operations in the People's Republic of China or the Special Administrative Region of Hong Kong, owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity, including as equity shares or a capital or profit interest in a limited liability company or partnership; or (b) that retains, as a member of the board of directors of the business concern, a person who is a resident of the People's Republic of China

14. This certification was false when made as set forth below.

15. At all times relevant to this matter, the Defendant was a subsidiary of an entity known as "Beijing Unistrong Science & Technology Co. Ltd." which is an entity that is based in the

People's Republic of China ("Mainland China"); organized under the laws of Mainland China; and which has significant operations in Mainland China.

16. Additionally, at all times relevant to this matter, one of the directors of the Defendant was Xinping Guo, B10 3rd Floor, 10 Jiuxianqiao Road, Chaoyang Dist., Beijing, Bej 100015, [Mainland] China, i.e. an individual who is a resident of Mainland China.

17. Thus, Defendant made a fraudulent representation when it completed form 2483-SD.

18. As a result of these statements, the Defendant received substantial funds to which it would not otherwise have been entitled.

## VI. (Count I) Violation of the False Claims Act

19. The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" 31 U.S.C. Section 3729(a)(1)(B)

20. The Courts have held that this can include false statements regarding eligibility to participate in a program. See *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

21. Thus, the Defendant's certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

## VII. Relief Sought

22. On behalf of the government, Relator is seeking judgment for triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

23. The Defendant received $1,570,200 in disaster relief as a result of the certifications set forth above.

24. Accordingly, Relator seeks judgment in the amount of $4,710,600 against the Defendant and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

*[signature]*

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax  212-897-5811

Dated: New York, NY
       February 8, 2022